UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMIN LAKHANI,
    Plaintiff,
vs.

NORDICA CONDOMINIUM ASSOCIATION, INC.
and BOCAS DOWNTOWN, LLC,
    Defendants.

## COMPLAINT

Plaintiff, AMIN LAKHANI (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, NORDICA CONDOMINIUM ASSOCIATION, INC. and BOCAS DOWNTOWN, LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 2525 SW 3rd Ave, Miami, Florida 33129 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

1

**PARTIES**

4. Plaintiff, AMIN LAKHANI, is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA. Plaintiff has been diagnosed with Type 1B Hereditary Motor & Sensory Neuropathy, also known as Charcot-Marie-Tooth Disorder, which limits one or more major life activities and has required him to use a wheelchair for mobility since the age of 15.

5. Plaintiff's access to the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein has been denied and/or limited because of these disabilities. Plaintiff will continue to be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations that exist at the Subject Premises, including but not limited to those set forth in this Complaint.

6. Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff strives to lead a full life, frequently travels, dines out, and is also an actively social, independent, and highly educated, individual. Plaintiff traveled internationally throughout his life both before and after requiring a wheelchair to ambulate at the age of 15. Since the age of 15, he has traveled frequently throughout the United States, Singapore, France, and Mexico.

7. Plaintiff also attended a highly selective dual degree program at the University of Pennsylvania, an Ivy League Institution, where he received degrees in Economics and Computer Science. Plaintiff is very social, highly involved in his community, offers dating-coaching through his website and social media, and is highly involved in social activism.

8. Plaintiff resides within close proximity (about 1.3 miles) to the Subject Premises.

9. Defendant, NORDICA CONDOMINIUM ASSOCIATION, INC., is a Florida not for profit corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

10. Pursuant to the Miami-Dade Property Appraiser's Office, Defendant, NORDICA CONDOMINIUM ASSOCIATION, INC., is the owner and/or operator/manager of the real property located on or about 2525 SW 3rd Ave, Miami, FL 33129 (the "Subject Premises").

11. Defendant, BOCAS DOWNTOWN, LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district, and is the owner/operator of the restaurant "BOCAS GRILL & BAR" located at 2525 SW 3rd Ave, Miami, FL 33129 (the "Subject Premises").

12. According to the Florida Department of Business and Professional Regulation, the Defendant, BOCAS DOWNTOWN, LLC, was licensed on October 5, 2017 for Seating License and occupies 2525 SW 3rd Ave, Miami, FL 33129 (the "Subject Premises") as a restaurant.

13. "Bocas Grill" is marketed as "a vibrant fusion of contemporary Latin food" and describes offering "the most succulent menu and generous portions that are visually amazing and full of flavors," aiming to take guests "on a trip to South America." Bocas Grill aspires to be the "first option when it comes to sharing and enjoying delicious food and great service," and describes itself as "your home." The restaurant emphasizes its dedication to Latin American culinary traditions with the slogan "In Arepa We Trust," which is appealing to Plaintiff.

## FACTUAL ALLEGATIONS AND CLAIM

14. Plaintiff, in his individual capacity, has visited the Subject Property, personally encountered barriers to access at the Subject Premises, was compelled to engage those barriers,

suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access including the ADA regulatory violations set forth herein below.

15. Plaintiff has visited the Subject Premises, which forms the basis of this lawsuit, and plans to return to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been remedied to be ADA compliant. However, Plaintiff is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the subject property.

16. Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of the barriers to access which exist at the Subject Premises including, but not limited to, those set forth in paragraph 26 of this Complaint.

17. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.

18. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

19. Because, *inter alia,* this Subject Premises was designed, constructed, and received its State Licensure on October 5, 2017, Plaintiff asserts that said ADA violations are intentional in

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

20. The Defendants' Subject Premises is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

21. Plaintiff visited the Subject Premises and personally encountered barriers to access at the Subject Premises, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

22. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

23. Plaintiff has attempted to and has, to the extent possible, accessed the Subject Premises on or about October 26, 2024, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Premises that restrict and/or limit his access to the Subject Premises and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in paragraph 26 of this Complaint.

24. Plaintiff intends to visit the Subject Premises again within the next few months in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Subject Premises, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Premises that restrict and/or limit his access to the Subject Premises and/or

accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

25. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Subject Premises, including those specifically set forth herein, and make the Subject Premises accessible to and usable by persons with disabilities, including Plaintiff.

26. Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises include:

### Bar and Bar Area

i. **No Lower Portion of Counter Provided.** The bar does not provide a lower portion of the counter, preventing plaintiff and wheelchair users from accessing it comfortably, without inconvenience or at all. This is a violation of Section 902.3 of the 2010 ADA Standards. Whose resolution is readily achievable.

ii. **No Accessible Seating in Bar Area.** No accessible seating in bar area contrary to 2010 ADA Code §902, whose resolution is readily achievable.;

### Exterior Dining/Seating Area

iii. **No Accessible Seating in Exterior Dining Area.** No accessible seating in exterior dining area, making it difficult for plaintiff to dine comfortably and without inconvenience, contrary to 2010 ADA Code §902, whose resolution is readily achievable.;

**Restroom**

    **iv.** **Trash Bin Blocks Hand Towels.** Trash bin encroaches over the maneuvering clearance around the hand towels, making it difficult for plaintiff to maneuver comfortably and without inconvenience contrary to 2010 ADA Code § §604;

27. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Subject Premises. Plaintiff requires an inspection of the Subject Premises in order to determine all of the discriminatory acts violating the ADA, including specifically those barriers to access concealed when Plaintiff encountered and observed the initial barriers to access detailed above.

28. Plaintiff has attempted to gain access to the Subject Premises, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Subject Premises, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

29. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and

tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

30. Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendants modify the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA.

31. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

32. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Premises, including those set forth herein.

33. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

34. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

        Respectfully submitted,

        /s/ Glenn R. Goldstein
        Glenn R. Goldstein, Esq. (FBN: 55873)
           *Attorney for Plaintiff*
        Glenn R. Goldstein & Associates, PLLC
        8101 Biscayne Blvd., Ste. 504
        Miami, Florida 33138
        (561) 573 2106
        GGoldstein@G2Legal.net